```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
    FRANK DEMARTINO,
                                Plaintiff,                              MEMORANDUM & ORDER

            -against-                                                   09-CV-119 (NGG) (LB)

    GUARDIAN ROBERT KRUGER, Esq.

                                Defendant.
------------------------------------------------------------------X
    FRANK DEMARTINO,

                                Plaintiff,                              09-CV-305 (NGG) (LB)

            -against-

    GUARDIAN ROBERT KRUGER, Esq., NYC
    BUILDING DEPARTMENT, NYC POLICE
    DEPARTMENT, PERI FORMWORK, and
    MILES & STOCKBRIDGE,

                                Defendants.
------------------------------------------------------------------X
    FRANK DEMARTINO,
                                                                        09-CV-2578 (NGG) (LB)
                                Plaintiff,

            -against-

    GUARDIAN ROBERT KRUGER, Esq.

                                Defendant.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.
```

1

Before the court are pro se Plaintiff Frank DeMartino's ("DeMartino" or "Plaintiff") objections to Magistrate Judge Lois Bloom's Report and Recommendation ("R & R") concluding that Defendants Robert Kruger ("Kruger"), PERI Formwork ("PERI"), and Miles & Stockbridge ("M&S") should be awarded attorney's fees of $27,470.00, $11,446.63, and $35,333.51, respectively. For the following reasons, the court adopts in part and rejects in part Magistrate Judge Bloom's R & R.

I. **BACKGROUND**

The applications for attorney's fees that are the subject of the R & R arise out of three pro se actions Plaintiff filed against Robert Kruger, the court-appointed guardian for Plaintiff's incapacitated father. In one of the actions, docketed as 09-CV-305, Plaintiff also sued the New York City Police Department ("NYPD"), the New York City Department of Buildings ("DOB"), PERI and PERI's attorneys, M&S. In the three Complaints against Kruger, Plaintiff generally alleges that Kruger has mis-managed or otherwise caused harm to the constitutionally protected property interests of his incapacitated father and has acted without authority. DeMartino therefore sues Kruger pursuant to 42 U.S.C. § 1983 in all three actions. DeMartino's claims against the NYPD, DOB, PERI and M&S relate to PERI's alleged seizure of construction equipment owned by DeMartino's father to satisfy his judgment debt to PERI. DeMartino brought civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claims against all of the defendants pursuant to 18 U.S.C. §§ 1962 and 1964, and claims under § 1983 against the NYPD, DOB and Kruger for allegedly aiding and abetting the alleged seizure.

Kruger, PERI and M&S moved to dismiss the Complaint in 09-CV-305, and Kruger moved to dismiss the Complaint in 09-CV-119. These cases were originally before Judge Weinstein, who held a consolidated hearing on these and other motions on July 14, 2009. At the

hearing Judge Weinstein also considered yet another lawsuit filed by DeMartino against Kruger less than a month before the hearing, 09-CV-2578. Following the hearing Judge Weinstein issued three separate orders directing summary judgment for the movants in 09-CV-119 and 09-CV-305, and sua sponte dismissing the Complaint in 09-CV-2578 as frivolous. The orders also awarded attorney's fees to the movants under § 1988 and referred the calculation of attorney's fees to Magistrate Judge Bloom.

DeMartino attempted to take interlocutory appeals of these orders to the Second Circuit, which were denied on February 18, 2010. On December 14, 2009, Judge Weinstein recused himself from these three actions and they were assigned by the Clerk of Court to this court. On April 9, 2010, Magistrate Judge Bloom issued her R & R in which she calculated that the Defendants were entitled to fees in the following amounts: $35,333.51 to M&S (representing itself), $11,446.63 to PERI (represented by Welby Brady & Greenblatt, LLP ("Welby")), and $27,470.00 to Kruger (represented by Harvey Greenberg ("Greenberg")). (R & R, 09-CV-119, (Docket Entry #57) at 7). DeMartino submitted two objections to the R & R, one specific to the fee award to Kruger ("Obj. to Kruger") (09-CV-119, Docket Entry #59-1), and one specific to the fee awards to M&S and PERI, ("Obj. to M&S/PERI") (09-CV-305, Docket Entry #102-1). Both objections are substantially similar, with one notable exception that is addressed below. M&S and PERI then filed a joint opposition to the objections raised as to the fees owed to them. (M&S/PERI Opp., 09-CV-305, (Docket Entry #104).)

## II. DISCUSSION

The standard of review for a magistrate judge's report and recommendation depends upon the parties' objections. Although the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made," 28 U.S.C. §

636(b)(1)(C), unobjected-to portions may be reviewed for clear error. Brown v. Ebert, No. 05-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C). Therefore, the court considers each of DeMartino's objections in turn.

### A. The R & R Did Not Violate Article III of the Constitution

DeMartino's first objection to the R & R, raised in both submissions, is that Magistrate Judge Bloom improperly consolidated the Defendants' applications for attorney's fees. He contends that in doing so she violated Article III of the U.S. Constitution because she considered facts "outside the adversarial issues presented to the Court." (Obj. to Kruger at 4; Obj. to M&S/PERI at 4.)

Under Fed. R. Civ. P. 42(a)(3), "[i]f actions before the court involve a common question of law or fact, the court may issue any other orders to avoid unnecessary cost or delay." These three actions all involve variations on the same underlying issue: the manner in which Defendant Kruger has exercised his duties as court-appointed guardian of the property of Plaintiff's father. Magistrate Judge Bloom's decision to calculate the attorney's fee awards in one combined R & R was therefore justified by the need to preserve scarce judicial resources, and authorized by Rule 42(a)(3) because the actions involve common questions of law and fact. This court likewise finds that consolidating its review of Plaintiff's objections to the R & R into a single memorandum and order will enable the court to avoid unnecessary cost and delay.

While it is unclear what Plaintiff means when he asserts that Magistrate Judge Bloom violated Article III of the Constitution, there is no indication that Magistrate Judge Bloom considered facts "outside the adversarial issues presented to the Court" in calculating attorney's

4

fees in the R & R. To the contrary, the R & R demonstrates that Magistrate Judge Bloom relied on the submissions filed by each of the Defendants' attorneys in calculating the fees to which they were respectively entitled.

**B.     Plaintiff's Complaints Were Frivolous**

DeMartino next challenges Magistrate Judge Bloom's statement that Judge Weinstein had found DeMartino's lawsuits to be frivolous in his three orders dismissing these actions and awarding attorney's fees. (Obj. to Kruger at 4-6; Obj. to M&S/PERI at 4-6.) Instead, DeMartino asserts that the only lawsuit Judge Weinstein found to be frivolous was the one bearing docket number 09-CV-2578. (Id.) "[W]ith regard to the cases 09-CV-305 and 09-CV-119, Judge Weinstein's decision finds that 'much of the plaintiff's motion practice was frivolous' [but] not that the claims are frivolous." (Id. (emphasis added).) DeMartino argues that Magistrate Judge Bloom could not have awarded attorney's fees because Judge Weinstein did not make the requisite finding under 42 U.S.C. § 1988 that his Complaints were frivolous. See Colombrito v. Kelly, 764 F.2d 122, 128-29 (2d Cir. 1985) ("In an action under § 1983 an award of attorneys' fees to a prevailing defendant is permissible under § 1988 only if the court finds that the plaintiff's claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.") (internal quotation omitted).

DeMartino is incorrect. It is apparent from the orders issued by Judge Weinstein that he did find that DeMartino's claims were frivolous. Among other defects, Judge Weinstein determined that DeMartino had no standing as a pro se litigant to assert claims on behalf of his father, and that Kruger, as a court-appointed guardian, was absolutely immune under New York law. (Order dated July 24, 2009, 09-CV-305, (Docket Entry #62) ("SJ Order, 09-CV-305") 2-3.) With respect to his civil RICO claims, Judge Weinstein found that DeMartino had failed to

5

allege that he was harmed by the alleged racketeering activity. (Id. at 3.) There was never any chance that Plaintiff's claims would succeed, a fact that Judge Weinstein made clear in his discussion of the substance of DeMartino's claims and in his order awarding attorney's fees. In short, the claims asserted by DeMartino in each of these three actions were frivolous.

### C. Defendant Kruger's Application for Fees Was Supported by Sufficient Evidence and the Recommended Fee is Reasonable

DeMartino's next objection to the R & R is that Greenberg, Defendant Kruger's attorney, submitted evidence of his work on the three cases that was inadmissible and insufficient to establish his entitlement to attorney's fees in the amount of $27,470.00. (Obj. to Kruger at 6-8.) Plaintiff also claims that the fee award to Kruger is grossly excessive.[1] (Id. at 8-10.) In raising these objections, DeMartino makes unsubstantiated accusations that Mr. Greenberg fabricated the billing records submitted to the court, and disparages his legal work as "rudimentary." (Id. at 9.)

> In Hensley v. Eckerhart, 461 U.S. 424, 437 (1983), the Supreme Court held that
>
> > the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise "billing judgment" with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.

In reviewing these records, the Second Circuit has set forth a standard for calculating attorney's fees that it has termed "the presumptively reasonable fee." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). "The presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Id. (quotation omitted). In Arbor Hill

---

[1] DeMartino also objects to the award of attorney's fees to Kruger because it includes time spent by Mr. Greenberg preparing the application for attorney's fees. (Obj. to Kruger, at 10.) The R & R is correct that under § 1988 fees incurred in an effort to obtain attorney's fees are compensable. Gagne v. Maher, 594 F.2d 336, 344 (2d Cir. 1979).

6

Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 184 (2d Cir. 2008) (as amended on petition for rehearing), the Court of Appeals suggested that district courts consider the following factors in determining what a reasonable, paying client would be willing to pay:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

Greenberg maintained contemporaneous billing time records and submitted them to the court with his affidavit in support of the fee application. The court finds that this submission establishes that Kruger is entitled to an award of attorney's fees. The court has conducted a de novo review of the billing records and other submissions filed by Greenberg, and has considered the case specific factors relevant to the determination of an attorney's fee award. The court agrees with the R & R that $350 per hour is a reasonable hourly rate for a lawyer of Greenberg's skill and experience, and agrees that it is within the range of hourly fees prevailing in this district. The court also agrees that the time Mr. Greenberg spent in litigating this matter – 78.2 hours – was reasonable. This determination is supported by consideration of the substantial time Greenberg was required to spend litigating the three actions that DeMartino filed against his client, and all the attendant motion practice. Although the underlying actions were relatively uncomplicated because the claims were entirely frivolous, Plaintiff's equally frivolous motion practice required Greenberg to spend a substantial amount of time reviewing and preparing

appropriate responses to DeMartino's numerous submissions. The court therefore agrees with the R & R that $27,470.00 is a reasonable fee for the work Mr. Greenberg performed.

As for DeMartino's contention that the imposition of these "staggering" fees on him is unfair, Kruger was only obligated to incur the expenses associated with retaining Greenberg because DeMartino chose to file three frivolous lawsuits against him and then batter Kruger with equally frivolous motions and other submissions. DeMartino cannot now complain of the burden imposed on him by his own hand.

### D. Defendants' Miles & Stockbridge and PERI Formwork's Fee Applications Lack a Basis in Law

#### 1. M&S and PERI Were Not Prevailing Parties Eligible for Compensation under § 1988

DeMartino also objects to the R & R's calculation of attorney's fees for M&S and PERI. DeMartino contends that the claims he asserted against those parties – and on which they prevailed – were civil RICO claims brought under 18 U.S.C. §§ 1962 and 1964. (Obj. to M&S/PERI at 6-7.) However, Judge Weinstein's order awarding fees to Kruger, PERI and M&S explicitly relied only on 42 U.S.C. § 1988, which provides for fee-shifting in favor of prevailing defendants where a plaintiff brings a frivolous lawsuit under, among other statutes, 42 U.S.C. § 1983. Section 1988 does not authorize an award of attorney's fees to a defendant to a frivolous RICO claim.

While the award of attorney's fees to Kruger is authorized by § 1988 because Kruger prevailed on the underlying § 1983 claims,[2] DeMartino is correct that PERI and M&S prevailed on civil RICO claims and not on § 1983 claims. (Complaint, 09-CV-305, (Docket Entry # 1) ("Compl. 09-CV-305"), ¶¶ 68-77.) The court concludes that § 1988 cannot support an award of attorney's fees to M&S and PERI because they did not prevail on § 1983 claims, and thus, the awards of attorney's fees to those defendants were in error. See Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) (requiring courts to assess a party's entitlement to award of attorney's fees claim-by-claim).

### 2. The Attorney's Fees Awards Were Not Sanctions

In response to DeMartino's objections, M&S and PERI contend that the fee awards were pecuniary sanctions under 28 U.S.C. § 1927 for DeMartino's vexatious litigation conduct. M&S and PERI also imply that Rule 11 may authorize the award of fees as sanctions. (M&S/PERI Opp. at 4-6.) M&S and PERI are incorrect.

Section 1927 "permits imposition of fees upon 'any attorney or other person admitted to conduct cases in any court of the United States' who 'multiplies the proceedings in any case unreasonably and vexatiously.'" Sassower v. Field, 973 F.2d 75, 79 (2d Cir. 1992) (quoting 28 U.S.C. § 1927). Section 1927 does not, however, authorize the court to impose fees on non-lawyer pro se litigants for vexatious litigation conduct. Id. As such, § 1927 cannot apply to DeMartino. Rule 11 is also inapplicable because the court did not issue an order to show cause

---

[2] The court notes that Kruger prevailed on a RICO claim in addition to the § 1983 claims. The court has considered whether to reduce Kruger's fee award in light of the fact that the RICO claim is not compensable under § 1988. However, the court has determined that Greenberg's representation of Kruger in connection with the RICO claim required a relatively insignificant amount of work in addition to that required to defend against the § 1983 claims because the claims involved a core of common fact and related legal theories. Accordingly, the fee award to Kruger is reasonable to compensate Greenberg for the amount of time he spent on the litigation as a whole. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (holding that where a party prevails on unrelated claims as well as compensable claims that share a core of common fact or related legal theories "the district court should focus on the significance of the overall relief obtained by the [party] in relation to the hours reasonably expended on the litigation").

or order for sanctions specifically identifying the conduct violating Rule 11, and did not provide DeMartino with a reasonable opportunity to respond, as the Rule requires. See Fed. R. Civ. P. 11(c)(3) and (c)(6).

In addition to the authority conferred by § 1927 and Rule 11, the court also possesses a separate inherent power to sanction vexatious litigants by imposing fees. United States v. Int'l Brotherhood of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991). "Included in a court's inherent power is the ability to 'assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Handschu v. Police Dep't of the City of New York, 679 F. Supp. 2d 488, 502 (S.D.N.Y. 2010) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "An inherent power award may be imposed either for commencing or for continuing an action in bad faith, vexatiously, wantonly, or for oppressive reasons. '[B]ad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation.'" Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986) (quoting Hall v. Cole, 412 U.S. 1, 15 (1973)).

A review of Judge Weinstein's order indicates that he did not rely on his inherent power in awarding fees to M&S and PERI. Judge Weinstein did find that "[m]uch of plaintiff's motion practice was frivolous. It was apparently designed to be punitive rather than to promote full, fair and expeditious adjudication of any bona fide claims." (SJ Order, 09-CV-305, 4.) However, in awarding fees to counsel for Kruger, M&S and PERI, he explicitly relied only on § 1988 and related Second Circuit case law. (Id. at 5.) Had Judge Weinstein intended to rely on the court's inherent power to sanction litigants for bad faith conduct, he would have provided a more fulsome description of DeMartino's conduct and cited to relevant legal authority, as he did with respect to the fee awards under § 1988. See Teamsters, 948 F.2d 1338,1345 (2d Cir. 1991) ("[T]his Court, in recognizing the need for restraint, has always required a particularized

showing of bad faith to justify the use of the court's inherent power."). The court concludes that Judge Weinstein did not award attorney's fees to Kruger, M&S or PERI pursuant to his inherent power to sanction DeMartino.

### 3. Law of the Case Doctrine Does Not Bar Reconsideration of the Court's Prior Ruling

Because the instant ruling conflicts with Judge Weinstein's order awarding legal fees to M&S and PERI, the "second branch of the law of the case doctrine" is implicated. The second branch of the law of the case doctrine applies "when a court reconsiders its own ruling in the absence of an intervening ruling of a higher court. It holds that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." See Prisco v. A & D Carting Corp., 168 F.3d 593, 607 (2d Cir. 1999) (quotation omitted). The doctrine is prudential, and "[t]he decision whether or not to apply law-of-the-case is informed principally by the concern that disregard of an earlier ruling not be allowed to prejudice the party seeking the benefit of the doctrine." Id. (quotation omitted). Departing from a prior ruling "in order to correct an error of law . . . is an obviously valid reason for such a departure." Id. Because the court reconsiders Judge Weinstein's prior ruling to correct an error of law, the court will not apply the law of the case doctrine to Judge Weinstein's prior ruling.

While the fee awards to Kruger, M&S and PERI were not sanctions against DeMartino for his vexatious and bad faith conduct in this litigation, a cursory review of the record indicates that an imposition of fees may be warranted as an exercise of the court's inherent power. In the interests of avoiding prejudice to M&S and PERI from this court's reconsideration of its prior order, the court grants M&S and PERI leave to file a new motion for attorney's fees within 14 days of the issuance of this order should they wish to pursue fees pursuant to the court's inherent power or other applicable authority. Any such submission should describe with particularity the

conduct for which DeMartino should be sanctioned and for which fees should be imposed, and should be supported by clear evidence. See Oliveri, 803 F.2d 1265, 1272 (2d Cir. 1986) ("[W]e have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes and a high degree of specificity in the factual findings of the lower courts.") (quotations omitted).

In any event, DeMartino's conduct in this litigation is at least sufficient to warrant a formal warning[3] that if he persists in filing frivolous and abusive lawsuits like the three at issue in these cases, or persists in making unsubstantiated and irrelevant accusations against members of the bench and bar of this court, he will be sanctioned. If the court deems it necessary, the court may, after notice and a reasonable opportunity to respond, enjoin Plaintiff from filing further lawsuits without prior leave of the court.[4] See Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) ("The issuance of a filing injunction is appropriate when a plaintiff abuses the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings.") (quotation omitted).

---

[3] The court notes for the record that Mr. DeMartino has also been warned by the Second Circuit against "the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers regarding his father's guardianship proceedings or the actions of his father's appointed guardian." (Copy of Order Dismissing Consolidated Appeals, 09-CV-305, (Docket Entry #89-1) at 3.)

[4] Because the court has determined that the initial fee awards to M&S and PERI were erroneous, Plaintiff's other objections to the R & R's proposed awards of fees to those two defendants need not be decided. Should M&S and PERI file a new motion for attorney's fees, the court will review the billing time records submitted at that time. Nevertheless, the court notes that contrary to DeMartino's objections, there does not appear to be anything improper or fraudulent about the submissions made by M&S and PERI. The court reiterates its warning to Mr. DeMartino that he must not make baseless accusations of fraud, perjury and misconduct against opposing counsel.

## III. CONCLUSION

The court has reviewed DeMartino's other arguments and finds them to be without merit. Accordingly, the court adopts the R & R with respect to the calculation of attorney's fees Plaintiff owes to Defendant Kruger, and in the amount of $27,470.00. The court rejects the R & R with respect to the calculation of attorney's fees to Defendants M&S and PERI because the initial award of fees to those defendants was erroneous, but grants M&S and PERI leave to file a new motion for attorney's fees within 14 days of the issuance of this order should they choose to do so.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      September 7, 2010

NICHOLAS G. GARAUFIS
United States District Judge