

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANK DEMARTINO,

          Plaintiff,

-against-

*Guardian* ROBERT KRUGER, ESQ.,

          Defendant.

------------------------------------------------------------X
FRANK DEMARTINO,

          Plaintiff,

-against-

*Guardian* ROBERT KRUGER, ESQ., NYC
BUILDING DEPARTMENT, NYC POLICE
DEPARTMENT, PERI FORMWORK, and MILES
& STOCKBRIDGE,

          Defendants.

------------------------------------------------------------X
FRANK DEMARTINO,

          Plaintiff,

-against-

*Guardian* ROBERT KRUGER, ESQ.,

          Defendant.

------------------------------------------------------------X

BROOKLYN OFFICE

**MEMORANDUM & ORDER**

**09-CV-119 (NGG) (LB)**

**09-CV-305 (NGG) (LB)**

**09-CV-2578 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

In 2009, Plaintiff pro se Frank DeMartino ("DeMartino") filed the three above-captioned actions against numerous Defendants arising from a property dispute concerning a parcel of land owned by DeMartino's incapacitated father. (Compl., No. 09-cv-119 (Docket Entry # 1); Compl., No. 09-cv-305 (Docket Entry # 1); Compl., No. 09-cv-2578 (Docket Entry # 1).) In

1

those Complaints, DeMartino generally alleged that Defendant Robert Kruger, Esq. ("Kruger"), the state-appointed guardian for the contested property, mismanaged and otherwise harmed DeMartino's father's property in violation of his father's constitutionally protected property interests, and in excess of Kruger's authority under state law. (Mem. & Order, No. 09-cv-119 (Docket Entry # 63).) On July 27, 2009, after contentious litigation between DeMartino and Defendants, Judge Jack B. Weinstein dismissed all of DeMartino's claims against Defendants for lack of standing or frivolousness. (Mem. & Order, No. 09-cv-119 (Docket Entry # 35); Mem. & Order, No. 09-cv-305 (Docket Entry # 62); Mem. & Order, No. 09-cv-2578 (Docket Entry # 22).) Judge Weinstein also allowed Defendants to move for attorneys' fees under 42 U.S.C. § 1988, and referred any such motions to Magistrate Judge Lois Bloom for a report and recommendation. (Mem. & Order, No. 09-cv-119 (Docket Entry # 35); Mem. & Order, No. 09-cv-305 (Docket Entry # 62); Mem. & Order, No. 09-cv-2578 (Docket Entry # 22).)

On August 18, 2009, Kruger moved for attorneys' fees as directed by Judge Weinstein's Orders. (Kruger's Mot., No. 09-cv-119 (Docket Entry # 39), No. 09-cv-305 (Docket Entry # 66), No. 09-cv-2578 (Docket Entry # 26).) On April 9, 2010, Magistrate Judge Bloom recommended that Kruger's attorney, Harvey L. Greenberg, receive $27,470.00 in attorneys' fees. (R&R, No. 09-cv-119 (Docket Entry # 57), No. 09-cv-305 (Docket Entry # 92), No. 09-cv-2578 (Docket Entry # 44).) On September 10, 2010, the court adopted the R&R with respect to Kruger's application for attorneys' fees. (Order, No. 09-cv-119 (Docket Entry # 63), No. 09-cv-305 (Docket Entry # 109), No. 09-cv-2578 (Docket Entry # 50).) In its Order, the court specifically found that Kruger's application for attorneys' fees was supported by sufficient evidence, and that Mr. Greenberg kept contemporaneous billing records. (Id. at 6-7.)

On October 8, 2010, DeMartino moved for reconsideration of the court's Order adopting-in-part Magistrate Judge Bloom's R&R. (DeMartino's Mot., No. 09-cv-119 (Docket Entry # 65), No. 09-cv-2578 (Docket Entry # 52).) DeMartino argues that Mr. Greenberg did not, in fact, keep contemporaneous billing records because Mr. Greenberg submitted an affidavit as evidence of the time worked on Kruger's case rather than "time records."[1] (Id. at 1.) This contention is unpersuasive. A motion for reconsideration will only be granted if the moving party can establish: "(1) that the court overlooked controlling decisions or data; (2) that there has been a change in controlling law; (3) that new evidence has become available; or (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice." Hughes v. McWilliams, No. 04-CV-7030 (KMW), 2009 WL 2971757, at *1 (S.D.N.Y. Sept. 16, 2009) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "As a general matter, reconsideration is an exceptional remedy and will generally be denied . . . ." Gayle v. Harry's Nurses Registry, Inc., No. 07-CV-4672 (NGG) (MDG), 2010 WL 5477727, at *3 (E.D.N.Y. Dec. 30, 2010). Courts narrowly construe and strictly apply the rules governing motions for reconsideration in order to avoid "repetitive arguments on issues that have already been considered fully by the court." Caleb & Co. v. E.I. Du Pont De Nemours & Co., 624 F. Supp. 747, 748 (S.D.N.Y. 1985). DeMartino's argument that Mr. Greenberg's billing records were not contemporaneous or somehow insufficient is precisely the sort of "repetitive argument" that the court has fully addressed. As previously addressed by the court, Mr. Greenberg *did* submit contemporaneous billing records attached to his motion for attorneys' fees. (Kruger's Mot., Ex. H.) Further, even affording DeMartino's pro se motion the liberal construction it is due, it

---

[1] DeMartino also "informs" the court about new proceedings he recently instituted against Kruger in state court, and attaches sixty-seven pages of documents related to those proceedings. (DeMartino's Mot., No. 09-cv-119 (Docket Entry # 65), No. 09-cv-2578 (Docket Entry # 52).) The court does not consider these as they have absolutely no bearing on Mr. Greenberg's entitlement to fees in this case.

3

nonetheless wholly fails to demonstrate that the court failed to consider new evidence, a controlling decision, or a change in the law, or that its decision will somehow create a manifest injustice. See Hughes, 2009 WL 2971757, at *1.

Accordingly, DeMartino's motion for reconsideration is DENIED. The court directs the Clerk of Court to grant Kruger's outstanding motion for judgment of forfeiture. (No. 09-cv-119 (Docket Entry # 66), No. 09-cv-2578 (Docket Entry # 53).)

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 8, 2011

NICHOLAS G. GARAUFIS
United States District Judge